# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Joseph Parker,**
**Claimant Below, Petitioner**

**v.)**    **No. 22-603**    (BOR Appeal No. 2057972)
(JCN: 2018010240)

**Spartan Mining Company c/o ANR,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner, Joseph Parker, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company c/o ANR filed a timely response.[1] The issue on appeal is the claim administrator's denial of the addition of lumbar intervertebral disc displacement to the claim, which was affirmed by the Workers' Compensation Office of Judges ("Office of Judges") and then by the Board of Review on June 23, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Parker, a miner operator, completed an employee's and physician's report of injury in which he stated that he injured his back in a rock fall at work in October 2017. Eight days later, a lumbar CT scan, performed at Raleigh General Hospital, revealed degenerative disc disease with spondylosis and mild scoliosis. A thoracic CT scan showed old, stable compression deformities from T8-T10. The claim was held compensable for thorax and lower back strains.

Upon a request from the claims administrator, Marsha Bailey, M.D., performed a medical evaluation and reviewed the claimant's diagnostic imaging. She concluded that the claimant sustained simple sprains and strains as a result of the compensable injury, which had long since resolved. Dr. Bailey compared the most recent CT scan with one from January 2010 and found only a progression of degenerative spine disease.[2]

---

[1] Petitioner, Joseph Parker, is represented by Reginald D. Henry, and respondent, Spartan Mining Company c/o ANR, is represented by Sean Harter.

[2] Treatment notes indicate the claimant has a history of lumbar spine issues. A January 2010 x-ray showed multilevel degenerative disc disease, which was mild to moderately severe in nature and worse at L4-5. A lumbar CT scan performed two weeks later revealed lumbar

The claimant's treating physician, Rajesh Patel, M.D., completed a diagnosis update in April 2019 requesting the addition of cervical sprain, thoracic strain, lumbar sprain, and cervical disc bulging to the claim. In response, the claim administrator issued an order stating that the compensable conditions in the claim are lumbar sprain and thoracic strain. The following day, the claims administrator issued a decision listing the compensable conditions as lumbar sprain, thoracic strain, and lower back sprain. The claim administrator stated that lumbar disc displacement was denied as a compensable condition in the claim because the claimant had not submitted medical evidence to show a causal connection to the compensable injury.[3]

The claimant returned to Dr. Patel in May 2019 for continued, severe neck and back pain. Dr. Patel stated in the treatment note that he was awaiting authorization of a lumbar MRI, and he would then update the claimant's cervical diagnoses. Upon request from the claims administrator, Kenneth Fortgang, M.D., performed an age of injury analysis of a CT scan performed one week after the compensable injury occurred. Dr. Fortgang concluded that the scan showed no acute injury and that all of the findings were chronic in nature.

On request from the employer, the claimant was evaluated by Prasadarao Mukkamala, M.D., who diagnosed thoracic and lumbar sprains. He opined that the claimant suffered from degenerative cervical, thoracic, and lumbar spondylosis prior to the compensable injury and that he did not sustain intervertebral disc disorder or any injury to his neck.

In September of 2020, the Office of Judges reversed the claim administrator's denial of a lumbar MRI and authorized the scan. The Office of Judges also remanded the claim administrator's decision denying the addition of lumbar intervertebral disc disorder to the claim pending the completion of the MRI. The following month, the claimant underwent a lumbar MRI, which was interpreted by C. Richard Daniel Jr., M.D. The MRI revealed significant right foraminal encroachment at L4-5 due to disc desiccation, osteophytes, and bulging; mild bilateral L2-3 and L3-4 foraminal encroachment, greater on the left side than right side; and sizeable hemangioma in the L3 and L4 vertebral bodies. Dr. Patel reviewed the MRI and opined that the claimant has preexisting lumbar degenerative disc disease and that treatment would be aimed at treating the aggravation of the preexisting condition. He noted that the claimant was able to work ten hours a day, six days a week prior to the compensable injury.

degenerative changes with moderate narrowing of the third and fourth interspaces and multiple Schmorl's nodes.

[3] Although the claim administrator noted that there was no medical evidence submitted to justify adding the condition of intervertebral disc displacement of the lumbar region to the claim, it is not apparent from the record that the condition was specifically requested to be added as a compensable component in the claim. On April 15, 2019, Dr. Patel requested adding cervical sprain, thoracic sprain, lumbar sprain, and cervical disc bulging to the claim. It is not clear from the record whether the terminology used in the claim administrator's order correlates with Dr. Patel's request. The parties have raised no issue pertaining to the nomenclature used by the claim administrator.

Michael Brooks, M.D., performed an age of injury analysis of the October 2020 MRI and opined that the scan showed multilevel degenerative disc disease and facet arthropathy with mild central canal stenosis. Dr. Brooks also found chronic, moderate to severe, right side neuroforaminal narrowing at L45, which he opined was chronic in nature. The claimant then requested a medical evaluation from Bruce Guberman, M.D., who reviewed the records, including the October 2020 MRI and opined that disc herniation should be added to the claim. He found that, to a reasonable degree of medical probability, the claimant suffered an acute L4-5 disc herniation as a result of the compensable injury. Dr. Guberman stated that the disc herniation was superimposed on preexisting degenerative joint and disc disease. The employer then requested a medical evaluation from Dr. Mukkamala, who opined that the claimant did not sustain lumbar intervertebral disc displacement as a result of the compensable injury. He stated that the lumbar MRI showed degenerative changes but did not show a lumbar disc herniation.

The Office of Judges affirmed the claim administrator's denial of the addition of lumbar intervertebral disc displacement to the claim. It found that the claimant failed to prove by a preponderance of the evidence that lumbar intervertebral disc disorder should be added to the claim as a compensable condition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on June 23, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, petitioner asserts two assignments of error. First, that the Board of Review was clearly wrong to affirm the Office of Judges' order, and second, that the Board of Review was clearly wrong to find that the claimant did not prove by a preponderance of the evidence that lumbar intervertebral disc disorder should be added to the claim.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The findings and conclusions of Drs. Bailey and Fortgang are less reliable because their opinions were rendered prior to the October 2020 lumbar MRI, which revealed the L4-5 disc herniation. Dr. Mukkamala's opinion was also found to be less reliable because he read the MRI and concluded that there was no evidence of a disc herniation. Dr. Mukkamala's opinion is refuted by the radiologist, Dr. Daniel, Dr. Brooks, Dr. Patel, and Dr. Guberman, all of whom found an L4-5 disc herniation. Though the claimant has a herniated L4-5 disc, a preponderance of the evidence indicates the condition preexisted the compensable injury. In his age of injury analysis, Dr. Brooks opined that the disc herniation and associated facet joint arthropathy were chronic in nature. Further, Dr. Patel, the claimant's treating orthopedic surgeon, opined that the claimant had preexisting lumbar degenerative disc disease. Most significantly, Dr.

3

Patel did not render an opinion relating the claimant's L4-5 herniated disc to the compensable injury. For the foregoing reasons, we affirm the decision of the Board of Review.

Affirmed.

**ISSUED: May 7, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I respectfully dissent, as my review of the record indicates that the Court's analysis is flawed in several respects.

First, the Court finds it "most significant[]" that the petitioner's treating physician, Dr. Patel, "did not render an opinion relating the claimant's L4-5 herniated disc to the compensable injury." In my view, this is not a fair characterization of what is contained in the doctor's report, which, in the Court's own words, is as follows:

> Dr. Patel reviewed the MRI and opined that the claimant has preexisting degenerative disc disease and that treatment would be aimed at treating the *aggravation of the preexisting condition*. He noted that the claimant was able to work ten hours a day, six days a week prior to the compensable injury.

(Emphasis added). These words are clearly a statement as to causation: the petitioner's work-related injury caused an aggravation of his preexisting lumbar degenerative disc disease, which until then had not impaired his ability to put in sixty-hour work weeks. Further, Dr. Guberman, who performed a record review including an October, 2020, MRI, supported Dr. Patel's conclusions that the work-related injury caused an acute L4-5 herniation and that this injury was "superimposed" on the preexisting degenerative disease.

Second, although there seems to be no question that the petitioner did have preexisting degenerative joint and disc disease, it is telling that the Court does not address what, if any,

4

symptoms preexisted the injury. Accordingly, this case should be remanded for a review pursuant to *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), where we held that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Id*. at 294, 879 S.E.2d at 781, Syl. Pt. 5. Fundamental fairness demands no less.

For these reasons, I respectfully dissent.

5